UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES W. GILLIAM,

                Plaintiff,

        -against-

DISCOVER BANK, et al.,

                Defendants.

25-CV-3063 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff James W. Gilliam brings this action pro se against Defendants Discover Bank ("Discover"), Kirschenbaum & Phillips, P.C. ("K&P"), and attorney Mark T. Starkman. Plaintiff brings claims of conspiracy to violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, fraud, emotional distress, unjust enrichment, collections of extensions of credit by extortionate means, and mail and wire fraud. For the reasons stated below, the Court dismisses Plaintiff's Complaint in its entirety. Furthermore, in light of Plaintiff's history of repeated, vexatious litigation, the Court imposes a litigation bar.

**BACKGROUND**

The facts are taken from the Amended Complaint and assumed to be true for the purpose of this motion. ECF No. 2 ("Am. Compl."); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007) (assuming facts from the complaints and supporting documents "to be true in reviewing a Fed. R. Civ. P. 12(b)(6) dismissal"). Because Plaintiff is pro se, the Court may also "consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). The Court also takes judicial notice of relevant

prior judicial proceedings. *Bass v. Pershing*, No. 25-CV-02478 (VEC), 2025 WL 3281561, at *4 (S.D.N.Y. Nov. 25, 2025), *motion for relief from judgment denied*, 2025 WL 3443269 (S.D.N.Y. Dec. 1, 2025) ("The Court may take judicial notice of filings in state or federal court . . . even if a plaintiff makes little or no mention of the previous litigation or arbitration in the complaint." (internal citations omitted)).

This case follows an almost decade-long series of judicial proceedings. Plaintiff James W. Gilliam and his wife, Laura Gilliam, are an elderly couple residing in Warwick, New York. Am. Compl. at 2, 8–9. In 2017, Discover, represented by K&P, filed a debt collection action against Mrs. Gilliam, in the New York Supreme Court, Orange County (case number 6315/2017, referred to as "the Debt Collection Action"). Am. Compl. ¶ 41. In that action, Discover alleged that Mrs. Gilliam owed over $12,000 on her Discover credit card account. ECF No. 18 at 49. On January 22, 2018, the New York Supreme Court granted Discover's motion for summary judgment, following Plaintiff's, who is not a licensed attorney, improper practice of law. Am. Compl. ¶¶ 42–43. On November 3, 2021, the Second Department affirmed that Plaintiff improperly practiced law, but remanded the case because the trial court failed to give Mrs. Gilliam the opportunity to oppose the motion pro se or with appropriate counsel. ECF No. 16-6 ("the Second Department Decision"); Am. Compl. ¶ 44.

While Plaintiff's appeal of the grant of summary judgment was pending before the Second Department, Plaintiff initiated two lawsuits in New York state court. First, on November 29, 2019, Plaintiff initiated an action, case number E2019-2542, in Sullivan County Supreme Court against Defendants Discover and K&P ("the 2019 Action"). ECF No. 16-4. Plaintiff's claims included fraud, violation of New York's consumer protection law, attorney misconduct,

and conspiracy between Discover and K&P, arising from the Debt Collection Action. ECF No. 16-4 at 2–10.

On April 26, 2020, the Sullivan County Supreme Court granted Discovers' and K&P's motions to dismiss Plaintiff's complaint in their entirety. ECF No. 16-5. After considering Plaintiff's allegations, the court found that K&P and Discover "fully compli[ed]" with the applicable laws and that there was no basis to find Defendants engaged in misconduct. *Id*. at 5, 7. On March 25, 2021, the Appellate Division, Third Department, affirmed this 2020 Decision and Order. *Gilliam v. Discover Bank*, 144 N.Y.S.3d 762, 763 (3d Dep't 2021). The Court of Appeals of New York dismissed Plaintiff's appeal in this case, 37 N.Y.3d 927 (2021), and the United States Supreme Court denied Plaintiff's Petition for writ of certiorari. 142 S. Ct. 337 (Mem.) (2021).

Similarly, on May 6, 2022, Plaintiff initiated a lawsuit in Orange County Supreme Court, with the case number EF002717-2022. ECF No. 16 ¶¶ 22–24. Plaintiff voluntarily dismissed this lawsuit on or about August 16, 2022. *Id.*

Thereafter, in the Debt Collection Action, on May 31, 2022, the Orange County Supreme Court issued a Decision and Order finding that Plaintiff's previously-filed motion to vacate the 2018 summary judgment order was "rendered academic" by the Second Department's Decision remanding the action to the trial court. ECF No. 16-7. This Decision and Order also required Mrs. Gilliam to file and serve an answer without Plaintiff James Gilliam appearing pro se on her behalf. *Id.*

Following this 2022 Decision and Order, Plaintiff initiated three lawsuits, not including the present action, in the United States District Court for the Southern District of New York (case numbers 22-CV-7513; 23-CV-05201; 23-CV-06144). First, on August 31, 2022, Plaintiff again

3

initiated a suit against Defendants Discover and K&P, bringing claims of fraud, negligent infliction of emotional distress and physical harm, and violation of the FDCPA. Complaint, ECF No. 1, *Gilliam v. Discover Bank*, No. 22-CV-7513 (S.D.N.Y. Feb. 16, 2023). On February 16, 2023, Judge Furman dismissed this complaint "with prejudice." Order, ECF No. 55, *Gilliam v. Discover Bank,* No. 22-CV-07513 (JMF) (S.D.N.Y. Feb. 16, 2023). Judge Furman provided Plaintiff an opportunity to oppose the dismissal with prejudice, but Plaintiff did "not indicate[] any intention to continue litigating [his] case." *Id.*

Next, on June 18, 2023, Plaintiff commenced an action against the New York State Board of Law Examiners and its Chair. *Gilliam v. New York State Bd. of L. Examiners*, No. 23-CV-05201 (PMH), 2024 WL 3862273, at *1 (S.D.N.Y. Aug. 19, 2024), *aff'd as modified*, No. 24-2332-CV, 2025 WL 635500 (2d Cir. Feb. 27, 2025). On August 19, 2024, Judge Halpern granted the defendants' motion to dismiss Plaintiff's complaint in its entirety, which the Second Circuit affirmed, with the modification that the dismissal was without prejudice. *Id.*

Later, on July 17, 2023, Plaintiff sued Greenberg Traurig, LLP (Discover's counsel in the Debt Collection Action following the Second Department's 2021 remand) and its individual attorneys, bringing claims of conspiracy, discrimination, retaliation, and violations of Plaintiff's constitutional rights. *Gilliam v. Greenberg Traurig LLP*, No. 23-CV-06144 (PMH), 2024 WL 4043348, at *1 (S.D.N.Y. Sept. 4, 2024). On September 4, 2024, Judge Halpern also dismissed Plaintiff's complaint with prejudice for failure to state a claim. *Id.*

Now, Plaintiff alleges that sometime prior to March 2025, in the Debt Collection Action, the trial judge appointed Defendant Starkman as a guardian ad litem for Mrs. Gilliam. Am. Compl. ¶¶ 2, 9–10. Mrs. Gilliam previously suffered a stroke that impaired her ambulatory capability and cognitive ability. *Id.* ¶ 9. Starkman met with the Gilliams once, in which Starkman

inquired about Mrs. Gilliam's potential defenses. *Id.* ¶ 12. Starkman rejected Plaintiff's suggested defense of challenging Discover's and K&P's "predatory debt collection practices," and instead "pushed . . . for a settlement." *Id.* ¶¶ 19, 22. Starkman informed the Gilliams that without a settlement, Discover could obtain a judgment lien against their home. *Id.* ¶ 25. In later email correspondences, Starkman informed Plaintiff that the judge in the Debt Collection Action ordered Discover's attorneys to pay Starkman's fee. *Id.* ¶ 31.

On March 3, 2025, Starkman allegedly emailed Plaintiff with the stipulation of settlement in the Debt Collection Action (the "Settlement Agreement"). *Id.* ¶ 46. On that same day, Plaintiff replied that he was "cancelling the proposed offer of settlement." *Id.* On March 11, 2025, Starkman replied to Plaintiff that the parties:

> reached a very favorable settlement in court, which, although not necessary, had your approval. I will not accept your "rejection" of the settlement. If I advised the court that the settlement is off the table, the judge would surely rule against Laura in the underlying case, and she would be facing a substantial money judgment.

*Id.* Starkman continued that he "recognize[d] that [he] can not force Laura (or [Plaintiff]) to actually pay the settlement funds," but that if Starkman signed the Settlement Agreement on Mrs. Gilliam's behalf and Plaintiff refused to pay, "the Court might find her in contempt of court, and order additional fees." *Id.* Additionally, Starkman noted that the Settlement Agreement was "in the best interests" of Mrs. Gilliam. *Id.* Starkman concluded that "[t]he judge is aware of [Plaintiff's] history in this case and [Starkman] suspect[s] further interference from [Plaintiff] will not be taken lightly." *Id.*

Following this email correspondence, Plaintiff, concerned about the stress the Debt Collection Action placed on Mrs. Gilliam, used his own funds to settle the Debt Collection Action. Am. Compl. ¶¶ 47–51. On March 14, 2025, Plaintiff authorized K&P to charge his bank with the $4,000 settlement. *Id.* ¶ 51.

On April 10, 2025, Plaintiff filed the operative Amended Complaint, asserting claims against Defendants for conspiracy to violate the FDCPA, 15 U.S.C. § 1692, *et seq.*, fraud, emotional distress, unjust enrichment, collections of extensions of credit by extortionate means, and mail and wire fraud. Am. Compl. ¶¶ 52–125. On May 23, 2025, Defendant K&P filed its Answer. ECF No. 10. Within its Answer, K&P lists thirteen affirmative defenses, which includes that the Amended Complaint "fails to state a cause of action upon which relief may be granted," and raises other bars to Plaintiff's claims. ECF No. 10 ¶¶ 64–76. On May 29, 2025, Discover filed its Motion to Dismiss Plaintiff's Amended Complaint in its entirety. ECF No. 14. On June 5, 2025, Plaintiff opposed Discover's Motion to Dismiss. ECF No. 18. On June 16, 2025, Discover filed its reply. ECF No. 20. Defendant Mark T. Starkman has not yet made an appearance or filed anything in this action. In this Order and Opinion, the Court grants Discover's Motion to Dismiss Plaintiff's Amended Complaint in its entirety, and accordingly dismisses the entire action, despite K&P's Answer and Defendant Starkman's failure to appear.

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id*. at 679.

Pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted). "Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (internal citation omitted); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Because Plaintiff is proceeding pro se, the Court must liberally construe his Complaint and interpret it "to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal citation omitted). "Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations." *Blue v. City of New York*, No. 16-CV-9990 (VSB), 2018 WL 2561023, at *4 (S.D.N.Y. June 4, 2018) (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

## DISCUSSION

The Court first concludes that four of Plaintiff's claims are improperly brought under criminal statutes that do not provide private rights of action. However, the Court still considers the underlying facts and allegations of these claims in order to interpret them to raise the strongest claims suggested.

Subsequently, the Court dismisses Plaintiff's fraud, infliction of emotional distress, and unjust enrichment claims against Defendants Discover and K&P arising from their attempt to obtain a judgment against Mrs. Gilliam in the Debt Collection Action. The Court dismisses these claims both because they are barred by *res judicata* and because Plaintiff fails to state a claim for relief. Next, the Court dismisses Plaintiff's attempt, conspiracy, RICO Act, and unjust enrichment claims arising from his allegation that all Defendants agreed to coerce Plaintiff and Mrs. Gilliam into accepting the Settlement Agreement.

Furthermore, the Court determines that to the extent Plaintiff attempts to raise new claims in his opposition papers, they are improperly brought and must also be dismissed. Therefore, the Court dismisses Plaintiff's Amended Complaint in its entirety. Finally, the Court also imposes limitations on Plaintiff's ability to bring future lawsuits in this District and New York state courts.

I.    **There is No Private Right of Action under Criminal Attempt and Conspiracy, Fraud, Mail and Wire Fraud, and Extortionate Collection Statutes**

Four of Plaintiff's six claims are barred as alleged, because the statutes Plaintiff attempts to sue under do not allow for private claims. Plaintiff bring claims of attempt and conspiracy under 18 U.S.C. § 1349, fraud under 18 U.S.C. § 1341, collection of extensions of credit by extortionate means under 18 U.S.C. § 894, and mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. Am. Compl. ¶¶ 52–76, 96–125. However, none of the four criminal statutes Plaintiff attempts to bring his claims under provide a private right of action. *See Vidurek v. Koskinen*, 789 F. App'x 889, 894 (2d Cir. 2019) (concluding that the district court "appropriately dismissed" claims because 18 U.S.C. § 1341 does not "provide[] a private right of action"); *Kalola v. Int'l Bus. Machines Corp.*, No. 19-CV-9900 (VB), 2019 WL 6879307, at \*3 (S.D.N.Y. Dec. 16, 2019) (dismissing plaintiff's criminal claims, including those brought under 18 U.S.C. §§ 1343 and

1349, because "no private right of action exists under the[se] criminal statutes"); *Phillips v. Egan*, No. 99-CV-961 (PCD), 2000 WL 436693, at *2 n.1 (D. Conn. Feb. 22, 2000) ("Plaintiff cannot recover under 18 U.S.C. § 894, a criminal statute with no private cause of action."). However, the Court construes Plaintiff's pro se claims liberally, and considers whether Plaintiff's facts and allegations may have nonetheless stated claims for relief if brought under other statutes or laws. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[O]bligat[ing courts] to construe a *pro se* complaint liberally."(internal citation omitted)). Therefore, the Court construes Plaintiff as bringing common law claims of fraud and civil conspiracy to coerce Plaintiff and Mrs. Gilliam.

## II.    Plaintiff's Claims Arising From Discover's and K&P's Attempt to Obtain a Money Judgment Against Mrs. Gilliam Fail

First, the Court concludes that Plaintiff's claims against Discover and K&P arising from their initiation and prosecution of the Debt Collection Action fail, because they are barred by *res judicata* and a prior dismissal with prejudice. Additionally, the Court considers the merits and concludes that Plaintiff has failed to state fraud, emotional distress, and unjust enrichment claims against Discover and K&P.

### a.    *Res Judicata* Bars Plaintiff's Fraud, Emotional Distress, and Unjust Enrichment Claims Against Discover and K&P

Plaintiff's claims arising from Discover's business practices and Discover's and K&P's attempt to obtain a judgment in the Debt Collection Action are barred by *res judicata*. *Res judicata*, or claim preclusion, bars re-litigation following the disposition of prior actions. *See Mahmood v. Rsch.in Motion Ltd.*, 905 F. Supp. 2d 498, 502 (S.D.N.Y. 2012), *aff'd*, 515 F. App'x 891 (Fed. Cir. 2013). "*Res judicata* bars new claims out of the same transactions regardless of whether they are winners or losers . . . because the party already had one bite at the apple; not because the second bite would necessarily taste the same (or be decided the same way) as the first." *Id.* "At the motion to dismiss stage, dismissal based on *res judicata* or collateral estoppel is

appropriate where it is clear from the face of the complaint and from matters of which the Court takes judicial notice that plaintiff's claims are barred." *Bass v. Pershing*, No. 25-CV-02478 (VEC), 2025 WL 3281561, at \*4 (S.D.N.Y. Nov. 25, 2025), *motion for relief from judgment denied*, No. 25-CV-02478 (VEC), 2025 WL 3443269 (S.D.N.Y. Dec. 1, 2025) (internal citations and quotation marks omitted).

"[A] court is free to raise [*res judicata*] *sua sponte*, even if the parties have seemingly waived it." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 398 n.4 (2d Cir. 2003); *see also Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions" (internal citations omitted)); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Trivedi v. Gen. Elec. Co.*, No. 23-CV-0126 (LTS), 2023 WL 1865216, at \*3 (S.D.N.Y. Feb. 6, 2023), *aff'd*, No. 23-254-CV, 2024 WL 3286663 (2d Cir. July 3, 2024) (dismissing a complaint *sua sponte* based on *res judicata*). "Although the *sua sponte* application of res judicata is not always desirable . . . it is a wise inquiry for the court to undertake here because a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Baird v. Kingsboro Psychiatric Ctr.*, No. 11-CV-159 (NGG) (LB), 2013 WL 5774288, at \*3 (E.D.N.Y. Oct. 24, 2013) (citation modified).

*Res judicata* applies when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims

10

asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d. Cir. 2000). Each of these elements are met here.

The first element of *res judicata*—a decision on the merits—is satisfied here, in light of the resolved action in the Sullivan County Supreme Court. *See* ECF Nos. 16-4, 16-5. It is well established that *res judicata* may bar claims brought in federal court that had been or should have been brought in prior state court proceedings. *See Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 153 (S.D.N.Y. 2002) (citing *Allen v. McCurry*, 449 U.S. 90, 105 (1980); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984)) ("[T]he Supreme Court, in construing 28 U.S.C. § 1738, has held that the doctrines of *res judicata* and collateral estoppel apply to bar relitigation in federal court of certain issues and claims actually settled or that could have been raised in prior state proceedings."). Here, Plaintiff initiated the 2019 Action in Sullivan County Supreme Court, which ended in that court's dismissal of Plaintiff's complaint. *See* ECF Nos. 16-4, 16-5. The state court's Decision and Order in the 2019 Action considered Plaintiff's claims and allegations, and after stating conclusions of law, granted Discover's and K&P's motions to dismiss on the merits. ECF No. 16-5. Therefore, the 2019 Action and subsequent state court Decision and Order satisfy the first element of *res judicata.*

Second, Plaintiff and Defendants Discover and K&P were represented in the prior state court action. In the Second Circuit, "literal privity is not a requirement for *res judicata* to apply." *Monahan*, 214 F.3d at 285. "[P]laintiffs in a federal suit that follows a state suit are in privity with the state plaintiffs where 'their interests are the same and [the federal plaintiffs] are controlled by the same party or parties' as the state plaintiffs." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 95 (2d Cir. 2005) (brackets in original) (quoting *Ferris v. Cuevas*, 118 F.3d 122, 128 (2d Cir. 1997)). Here, Plaintiff is the same James W. Gilliam who initiated the

2019 Action, and Discover and K&P were the same defendants in that suit. *See* ECF No. 16-4; Am. Compl. Therefore, the second element is satisfied.

Third, any claims arising from Discover's credit relationship with Mrs. Gilliam, or Discover's and K&P's initiation of the Debt Collection Action and obtainment of summary judgment could (and for some claims, were) raised in the 2019 Action. For the third element of *res judicata*, whether prior judgments "have preclusive effect depends in part on whether the same transaction of series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan*, 214 F.3d at 285 (quoting *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983)). "'Transaction' must be given a flexible, common-sense construction that recognizes the reality of the situation." *Id.* (quoting *Interoceanica Corp. v. Sound Pilots. Inc.*, 107 F.3d 86, 91 (2d Cir. 1997)).

> In other words, courts must make a pragmatic distinction between, on the one hand, parties who bring multiple suits because different circumstances have caused different legal injuries than those previously litigated, and, on the other hand, parties who seek multiple bites at the apple by splitting claims that ought to be litigated together into separate lawsuits.

*Mahmood v. Rsch. in Motion Ltd.*, 905 F. Supp. 2d 498, 502 (S.D.N.Y. 2012), *aff'd,* 515 F. App'x 891 (Fed. Cir. 2013).

Here, in the 2019 Action, Plaintiff alleged that Discover and K&P engaged in fraud, conspiracy to violate and violation of New York's consumer protection law and creditor law, false representations, attorney misconduct, unjust enrichment, and unconscionable business practices. ECF No. 16-4 at 4–7, 9, 16. These 2019 claims arise from the same facts as Plaintiff's fraud and emotional distress claims in this present action. *Compare* ECF No. 16-4 at 14–19, *with* Am. Compl. ¶¶ 56–82, 120–25. These 2019 and present claims share a common factual core, which is that Discover and K&P, while initiating the Debt Collection Action and obtaining

summary judgment against Mrs. Gilliam, failed to properly maintain consumer records, fabricated Mrs. Gilliam's Discover member agreement, and engaged in unfair debt collection practices. *Compare* ECF No. 16-4 at 14–16, *with* Am. Compl. ¶¶ 41–45, 56–82, 90–94, 123–24. Plaintiff's repetition of these claims is an attempt to have another bite at the apple, rather than asserting new conduct on the part of Discover and K&P.

The third element is also satisfied as to Plaintiff's unjust enrichment claim, to the extent that the basis of this claim is Discover's "long history of soliciting credit card holders – once signed up – making it easy to overspend, in fact encouraging this overspending . . . then jacking up penalties and interest." Am. Compl. ¶¶ 90–94. These facts and claim arise from Discover's historical business practices and its creditor relationship with Mrs. Gilliam, both of which predate the 2019 Action. *See id.* ¶ 41. Additionally, in the 2019 Action, Plaintiff alleged facts concerning Discover's business practices that are similar to those he now alleges in support of his present unjust enrichment claim. *Compare id.*, *with* ECF No. 16-4 at 9–10.

Furthermore, the fact that Plaintiff has now paid the $4,000 settlement of the 2019 Debt Collection Action does not bar *res judicata*. *Monahan v. N.Y.C. Dep't of Corr,*, 214 F.3d 275, 293 (2d Cir. 2000) (holding that "assertion of new incidents arising from the application of the challenged policy is also insufficient to bar the application of *res judicata*"); (citing *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 638 (2d Cir. 1989) (holding prior dismissal of civil rights claims precluded whistleblower's subsequent RICO action despite allegations of new acts of harassment)). Although Laura Gilliam, with Plaintiff's funds, has settled the Debt Collection Action since the 2019 Action's disposition, Plaintiff alleges no new facts or conduct on the part of Discover and K&P (beyond a conclusory and unsupported allegation that Discover and K&P conspired with Defendant Starkman, which is discussed in greater detail below). Therefore,

13

Plaintiff's claims in the present suit against Discover and K&P arise from the same transaction or series of transactions as Plaintiff's claims in his 2019 Action. The only difference is that Plaintiff now alleges a new injury (the settlement payment).

Therefore, Plaintiff could have, and largely did, bring the present claims against Discover and K&P in the 2019 Action. Because all elements of *res judicata* are satisfied, Plaintiff's fraud and emotional distress claims against Discover and K&P are barred, as well as Plaintiff's unjust enrichment claim against Discover arising from its historical business practices.

### b. Plaintiff's Fraud and Emotional Distress Claims are Barred by Prior Dismissal

Additionally, Plaintiff is barred from bringing his fraud and emotional distress claims, not only because of *res judicata* arising from the 2019 Action, but also because these claims were previously dismissed with prejudice in this District. Order, ECF No. 55, *Gilliam v. Discover Bank,* No. 22-CV-07513 (JMF) (S.D.N.Y. Feb. 16, 2023) (the "Furman Order"). On August 31, 2022, Plaintiff, with Mrs. Gilliam, filed an action against Defendants Discover and K&P in this Court. Complaint, ECF No. 1, *Gilliam v. Discover Bank,* No. 22-CV-07513 (JMF) (S.D.N.Y. Feb. 16, 2023) (the "2022 Compl."). In that suit, Plaintiff brought claims of fraud under 18 U.S.C. § 1341 and emotional distress and negligent inflection of physical harm. *Id.* ¶¶ 63–90.

Plaintiff's present fraud and emotional distress claims are pled with largely identical language to Plaintiff's previously dismissed fraud and emotional distress claims. *Compare* 2022 Compl. ¶¶ 63–79, *with* Am. Compl. ¶¶ 56–76; *compare* 2022 Compl. ¶¶ 80, 84–86, 89, *with* Am. Compl. ¶¶ 77–82. The only substantive addition to the present Amended Complaint is Plaintiff's allegation that Defendants' fraud and negligent infliction of emotional distress caused Plaintiff's loss of $4,000. Am. Compl. ¶¶ 76, 82.

On February 16, 2023, Judge Furman of this Court dismissed Plaintiff's 2022 Complaint "with prejudice." Furman Order; *see also Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) ("A voluntary dismissal with prejudice is an adjudication on the merits for the purposes of *res judicata*."). Judge Furman had provided Plaintiff an opportunity to oppose the dismissal with prejudice, but Plaintiff did "not indicate[] any intention to continue litigating [his] case." Furman Order; *see also Document Techs., Inc. v. LDiscovery, LLC*, 731 F. App'x 31, 33 (2d Cir. 2018) (quoting *Abu Dhabi Com. Bank v. Morgan Stanley & Co.*, No. 08-CV-7508, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (stating that dismissal with prejudice is "generally appropriate" when "a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment")).

Therefore, Plaintiff is barred against again bringing his fraud and emotional distress claims against Defendants Discover and K&P.[1] The Court dismisses Plaintiff's fraud and emotional distress claims.

### c. Plaintiff Fails to State a Claim Arising from Discover's and K&P's Debt Collection Action

Additionally, on the merits, Plaintiff fails to state fraud, emotional distress, and unjust enrichment claims arising from Discover's and K&P's attempt to obtain a judgment in the Debt Collection Action.

---

[1] The Amended Complaint does not bring the fraud and emotional distress claims against Defendant Starkman. Am Compl. ¶¶ 56–82. The underlying facts pled regarding these claims reference only Discover's credit relationship with Mrs. Gilliam, Discover's business practices, and Discover's and K&P's efforts to obtain and enforce summary judgment against Mrs. Gilliam in the Debt Collection Action. *Id.* All these events predate Defendant Starkman's appointment as Mrs. Gilliam's guardian ad litem. *Id.* ¶¶ 10–32, 46–51.

### i. Plaintiff Fails to State a Claim of Fraud

First, Plaintiff fails to allege that Discover and K&P engaged in fraud in bringing the Debt Collection Action.

> To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff.

*Pauwels v. Deloitte LLP*, 83 F.4th 171, 189–90 (2d Cir. 2023) (internal citation omitted). Claims of fraud must also satisfy the "heightened pleading standard" of Federal Rule of Civil Procedure 9(b). *Rombach v. Chang*, 355 F.3d 164, 167 (2d Cir. 2004). Rule 9(b) requires parties to "state with particularity the circumstances constituting fraud or mistake," though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "[T]he ultimate question is whether Plaintiff's non-conclusory allegations, taken together with reasonable inferences drawn therefrom, plausibly indicate Plaintiff's entitlement to relief." *Newmont Mining Corp. v. AngloGold Ashanti Ltd.*, 344 F. Supp. 3d 724, 745 (S.D.N.Y. 2018) (internal quotation marks omitted).

In the Amended Complaint, Plaintiff alleges that Defendants Discover provided a fabricated credit card agreement between Mrs. Gilliam and Discover Bank. Am. Compl. ¶¶ 61–62, 67. Plaintiff alleges that although the credit card agreement should be dated in 2006, the contract was copyrighted in 2016, which suggests the falsity of the contract. *Id.* ¶¶ 61–62. Plaintiff also takes issue with Discover's use of so-called "robo" signatures and conclusorily alleges that "several large banks routinely use[] affidavits signed by employees who did not personally review the documents." *Id.* ¶¶ 70–73. These allegations are inadequate to state a claim for fraud under New York law.

The fact that the credit card agreement allegedly includes a 2016 copyright is not enough to plausibly allege a fraud claim. Especially in light of the facts that Plaintiff admits that Mrs. Gilliam did in fact have a credit card agreement with Discover, and Plaintiff fails to allege any fabrication of the actual terms and conditions of the contract. Am. Compl. ¶¶ 61, 74. Therefore, this is a naked assertion of fraud, and not factually supported. Additionally, Plaintiff's allegations regarding "robo-signing" and insufficient review of documents are conclusory, and make wide-sweeping allegations about industry practices, rather than particularized factual allegations as required to bring a fraud claim. Therefore, Plaintiff fails to meet the heightened standard required for fraud claims.

### ii. Plaintiff Fails to State an Emotional Distress Claim

Second, Plaintiff has failed to allege an intentional or negligent infliction of emotional distress claim. Plaintiff alleges that Defendant Discover and K&P negligently inflicted emotional distress on Mrs. Gilliam by "willful[ly] disregard[ing]" her preexisting panic disorder, which Defendants exacerbated when attempting to enforce a money judgment against her. Am. Compl. ¶¶ 77–82. However, Plaintiff does not have standing to bring a claim of emotional distress on his wife's behalf. *See Rose v. Sapienza*, No. 24-CV-1887 (LTS), 2024 WL 3185723, at *2 (S.D.N.Y. June 21, 2024) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)) (dismissing claims brought by a pro se plaintiff on behalf of his spouse, because "[a] person must be litigating an interest personal to him"). Although Plaintiff alleges that he feared his wife's continued emotional distress, he does not allege that he himself experienced emotional distress. Am. Compl. ¶ 82.

Additionally, even if Plaintiff had alleged emotional distress on his own behalf, Plaintiff's claim for intentional or negligent emotional distress would also fail.

17

> To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm.

*Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021) (construing New York law). "To establish the fourth element, the plaintiff generally must plead that the breach endangered his physical safety or caused him to fear for his physical safety." *Id.* at n.57 (citing *Taggert v. Costabile*, 14 N.Y.S.3d 388, 396 (2d Dep't 2015)). Here, Plaintiff fails to allege that Defendants owed Plaintiff a duty or that they acted negligently when they initiated and pursued the Debt Collection Action. Therefore, Plaintiff fails to state a claim of negligent infliction of emotional distress.

Similarly, Plaintiff fails to state a claim of intentional infliction of emotional distress. "In New York, the tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Akhtar v. Aggarwala*, No. 23-CV-06585 (JGLC) (VF), 2024 WL 3862504, at *11 (S.D.N.Y. June 5, 2024), *report and recommendation adopted sub nom.*, *Akhtar v. Adams*, No. 23-CV-6585 (JGLC) (VF), 2024 WL 3862673 (S.D.N.Y. Aug. 19, 2024), *appeal dismissed*, No. 24-2370, 2025 WL 2625360 (2d Cir. July 31, 2025) (internal quotation marks omitted). To constitute "extreme and outrageous conduct," the conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Tebbenhoff v. Elec. Data Sys. Corp.*, 244 F. App'x 382, 384 (2d Cir. 2007) (internal citations and quotation marks omitted). In light of this rigorous standard, Plaintiff fails to allege any such extreme and outrageous conduct by Defendants. Initiation of a lawsuit and obtainment of a money judgment is well outside the

realm of conduct that courts in New York have found satisfies this standard. *See, e.g., Cowan v. City of Mount Vernon*, 95 F. Supp. 3d 624, 657 (S.D.N.Y. 2015) (concluding that instances of sexual battery repeated over a nearly year-long period constituted extreme and outrageous conduct for an intentional infliction of emotional distress claim). Therefore, Plaintiff's emotional distress claims fail.

### iii. Plaintiff Fails to State a Claim of Unjust Enrichment Arising from Discover's Business Practices or Defendants' Efforts to Obtain a Money Judgment

Third, Plaintiff has failed to allege an unjust enrichment claim arising from Discover's and K&P's Debt Collection Action or Discover's business practices. In New York, in order to state an unjust enrichment claim, a plaintiff must allege that "(1) defendant was enriched; (2) at plaintiff's expense; and (3) that it is against equity and good conscience to permit defendant to retain what is sought to be recovered." *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 160 (2d Cir. 2019) (internal citation omitted). With regard to the third element, "courts look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent." *Yodice v. Touro Coll. & Univ. Sys.*, 767 F. Supp. 3d 86, 94 (S.D.N.Y. 2025) (quoting *Columbia Mem. Hosp. v. Hinds*, 38 N.Y.3d 253, 275 (2022)).

Here, as described above, Plaintiff has not established that Discover's and K&P's conduct in initiating and prosecuting the Debt Collection Action was tortious, fraudulent, or otherwise improper. Plaintiff also makes additional, sweeping allegations regarding Discover's business practices, in alleging that Discover solicits credit card holders, "encourage[s] . . . overspending," and "then jack[s] up penalties and interest." Am. Compl. ¶ 92. However, these allegations alone

are also insufficient to establish tortious or fraudulent conduct. Therefore, Plaintiff's unjust enrichment claim fails against Discover and K&P.

### III. Plaintiff's Claims Arising from Settlement of the Debt Collection Action Fail Against All Defendants

Plaintiff asserts claims of attempt and conspiracy to violate the FDCPA, unjust enrichment, collection of extensions of credit by extortionate means under 18 US.C. § 894,[2] and violation of the RICO Act, 18 U.S.C. § 1962(c), arising from Defendant's Starkman's conduct as Mrs. Gilliam's guardian ad litem. Am. Compl. ¶¶ 52–55, 83–119. Plaintiff alleges that Defendant Starkman conspired with Defendants Discover and K&P to coerce Plaintiff and Mrs. Gilliam to agree to the $4,000 settlement of the Debt Collection Action. *Id.* ¶¶ 52–55. Additionally, Plaintiff alleges that Starkman did coerce the Gilliams into accepting the settlement, which was against Mrs. Gilliam's best interests. Am. Compl. ¶¶ 25, 46, 49, 96–119.

First, Plaintiff alleges that Defendants conspired to violate the FDCPA. Am. Compl. ¶¶ 53–54, 97, 123. However, Plaintiff fails to allege any communications between the Defendants, let alone an agreement to violate the law. This is fatal to Plaintiff's conspiracy claim. *Kalola v. Int'l Bus. Machs. Corp.*, No. 19-CV-9900 (VB), 2019 WL 6879307, at *4 (S.D.N.Y. Dec. 16, 2019) (stating that under New York law, to properly plead a claim of civil conspiracy, "the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement").

At most, Plaintiff alleges that the judge in the Debt Collection Action ordered Discover's attorneys to pay Starkman's fee. Am. Compl. ¶ 31. However, New York law allows courts to

---

[2] Although the Court already established above that there are no private rights of action under 18 U.S.C. § 894, *see Philips v. Egan*, No. 99-CV-961 (PCD), 2000 WL 436693, at *2 n.1 (D. Conn. Feb. 22, 2000), the Court still considers the merits of Plaintiff's allegations and determines that Plaintiff has failed to allege that Defendant Starkman acted in a coercive or extortionary manner.

order any party to pay the reasonable compensation of a guardian ad litem, and allocation of Starkman's fee to Discover actually benefits Plaintiff and Mrs. Gilliam. N.Y. C.P.L.R. 1204 (McKinney). In any event, Plaintiff fails to allege any facts making it plausible that Defendant Starkman formed an agreement or criminal enterprise with Defendants Discover and K&P (or any third-party). *See* Am. Compl. ¶¶ 52–55, 109–13. Therefore, the Court dismisses Plaintiff's conspiracy and RICO claims against all Defendants.

Next, Plaintiff alleges that Defendant Starkman coerced Plaintiff and Mrs. Gilliam into settling the Debt Collection Action, which unjustly enriched all Defendants. Am. Compl. ¶¶ 83–89, 96–119. By Plaintiff's own definition, "[c]oercion is the use of express or implied threats of violence or reprisal . . . or other intimidating behavior that puts a person in immediate fear of the consequences to compel that person to act against his or her will." Am. Compl. ¶ 114 (internal quotation marks omitted). Here, Plaintiff fails to allege that Defendant Starkman used threats or intimidation to coerce Plaintiff or Mrs. Gilliam to settle the Debt Collection Action.

The Amended Complaint shows that Defendant Starkman warned Plaintiff that should Mrs. Gilliam refuse to settle, the state court was likely to rule against Mrs. Gilliam and Discover could then obtain a judgment lien against the Gilliam's home. Am. Compl. ¶¶ 25, 46. Additionally Starkman warned Plaintiff that if Mrs. Gilliam refused to comply with an executed Settlement Agreement, the Court may find her in contempt and order additional fees. *Id.* ¶ 46. Finally, Starkman warned Plaintiff against interfering in his wife's case, as the judge was aware of Plaintiff's history of unauthorized practice of the law in the Debt Collection Action. *Id.* None of Starkman's statements constitute coercion, because Starkman only warned Plaintiff of real and credible consequences that could result from Plaintiff's and Mrs. Gilliam's actions. Rather than coercing the Gilliams, Starkman protected their interests by warning of potential legal

21

consequences, while explicitly recognizing that he could "not force" the Gilliams to pay the settlement funds. *Id.*

Further, Plaintiff takes issue with Defendant Starkman's rejection of Plaintiff's proffered defense to the Debt Collection Action, which was to challenge Discover's and K&P's "predatory debt collection practices." Am. Compl. ¶¶ 19, 22. Considering Plaintiff's lack of success challenging Discover and K&P in various lawsuits, Starkman's encouragement of settlement is clearly reasonable. *See* ECF No. 16-5; the Furman Order.

Therefore, Plaintiff has failed to allege that Defendant Starkman coerced Plaintiff and Mrs. Gilliam into settling the Debt Collection Action. Moreover, Plaintiff alleges no facts, and does not argue, that the terms of the Settlement Agreement are in fact unfair. *See* Am. Compl. Thus, Plaintiff's claims of coercion and extortion fail.

Accordingly, the Court also dismisses Plaintiff's unjust enrichment claim arising from these allegations. Under New York law, unjust enrichment is "available only in unusual situations" and "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) (internal citation omitted) (dismissing an unjust enrichment claim that was duplicative of other claims because "[t]o the extent that these claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects"). "The Second Circuit has stated that [t]wo claims are duplicative of one another if they arise from the same facts and do not allege distinct damages." *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021) (internal citations and quotation marks omitted) (brackets in the original).

Here, Plaintiff alleges no facts or damages specific to the Settlement Agreement in bringing his unjust enrichment claim. Am. Compl. ¶¶ 83–95. Rather, Plaintiff cursorily mentions

the Settlement Agreement, and asserts as his damages the $4,000 settlement payment, which is the same injury alleged for all of Plaintiff's enumerated claims. *See id*; *see also* Am. Compl. ¶¶ 55, 76, 82, 119, 125. Therefore, to the extent Plaintiff's unjust enrichment claim arises from the Settlement Agreement, it is improperly duplicative of Plaintiff's claims of conspiracy, fraud, coercion, and violation of the FDCPA.

In conclusion, the Court dismisses Plaintiff's conspiracy and attempt to violate the FDCPA, unjust enrichment, collections of extensions of credit by extortionate means, and RICO claims against Defendants. Defendant Discover argued in its motion to dismiss that *all* of Plaintiff's claims fail, and Plaintiff had the opportunity to address these arguments in his opposition. *See* ECF No. 15 at 8, 11–18. For the same reasons raised by Discover and discussed above, Plaintiff's claims necessarily fail against all Defendants. Accordingly, the Court dismisses this action against all Defendants.

### IV. Claims Newly Raised in Plaintiff's Opposition Papers Are Improperly Brought

To the extent Plaintiff newly raises due process claims in his opposition to Discover's motion to dismiss, they must be dismissed. *See* ECF No. 18 at 6, 10, 19–20. "A *pro se* plaintiff may not raise entirely new causes of action for the first time in his opposition papers, but the Court may consider new claims appearing for the first time in briefing if the claims could have been asserted based on the facts alleged in the complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (internal citation and quotation marks omitted); *see also Mathie v. Goord*, 267 F. App'x 13, 14 (2d Cir. 2008) (affirming that a new constitutional challenge raised in opposition briefing was properly dismissed because the complaint did not "encompass that claim"). Here, Plaintiff, for the first time, mentions due process violations in his opposition. However, there are no facts in Plaintiff's Amended Complaint supporting that any due process

violations have occurred. Therefore, the Court dismisses any due process claims brought in Plaintiff's opposition brief.

## V.       Amendment is Futile

Pro se complaints should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citation and quotation marks omitted). However, here, the Court does not grant leave for Plaintiff to amend his claims, because the Amended Complaint, "even liberally construed, gives no indication that a valid claim might be stated or of a claim plaintiff 'inadequately or inartfully pleaded' and 'should therefore be given a chance to reframe.'" *Kalola v. Int'l Bus. Machines Corp.*, No. 19-CV-9900 (VB), 2019 WL 6879307, at *6 (S.D.N.Y. Dec. 16, 2019) (quoting *Moritsugu*, 22 F.3d at 112). "The problems with plaintiff's claims are substantive, and better pleading will not cure them. Indeed, there appears no plausible, factual predicate for any of plaintiff's claims." *Id.* Accordingly, the Court denies further amendment.

## VI.      Plaintiff's History of Duplicative Litigation Warrants a Pre-Litigation Injunction

The Court also grants Discover's request that Plaintiff be required to seek leave of court before filing a new action against Defendants based on the same allegations. ECF No. 15 at 19–20. District courts "may impose sanctions, including restrictions on future access to the judicial system" when a "litigant has a history of filing 'vexatious, harassing or duplicative lawsuits.'" *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (quoting, *inter alia, Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The Second Circuit set out the factors to be considered in barring a litigant's access to courts:

24

(1) the litigant's history of litigation and whether it entailed bringing vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation (*e.g.*, whether the litigant has an objective good-faith expectation of prevailing); (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 514 (S.D.N.Y. 2023) (citing *Safir*, 792 F.2d at 24). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

The first *Safir* factor, inquiring as to whether a litigant has engaged in vexatious, harassing, or duplicative lawsuits, weighs in favor of pre-litigation injunction. Including this action, Plaintiff has filed six lawsuits in the past seven years, all arising from the same or related underlying facts of Discover's Debt Collection Action. *See* ECF No. 16 ¶ 4; ECF No. 1, *Gilliam v. Discover Bank*, No. 22-CV-7513 (S.D.N.Y. Aug. 31, 2022); *see also Woodhouse*, 704 F. Supp. 3d at 515 (concluding that a plaintiff who had "initiated 12 lawsuits" in nine years was a "vexatious litigant who, if unchecked, will continue to abuse the judicial process through similar maneuvers"). Further, as discussed, Plaintiff has recycled, almost verbatim, some of his pleadings across these lawsuits. *Compare* 2022 Compl. ¶¶ 63–79, *with* Am. Compl. ¶¶ 56–76; *compare* 2022 Compl. ¶¶ 80, 84–86, 89, *with* Am. Compl. ¶¶ 77–82. Therefore, the first *Safir* factor weighs towards sanction.

The second *Safir* factor, examining whether a litigant has an objective good faith expectation of prevailing, also weighs against Plaintiff. As discussed, Plaintiff has not prevailed in any of his prior five lawsuits initiated in New York state court and this District. Although there is no indication that Plaintiff acts in bad faith, "[g]iven the history of failed claims, Plaintiff does

25

not have an objective, good faith expectation of prevailing in a future action." *Sunnen v. N.Y. State Dep't of Health*, No. 17-CV-1014 (VSB), 2018 WL 9342803, at *3 (S.D.N.Y. Oct. 10, 2018), *aff'd*, 792 F. App'x 113 (2d Cir. 2020). Therefore, the second *Safir* factor also weighs toward injunctive relief.

However, the third *Safir* factor, whether the litigant is represented by counsel, weighs in favor of Plaintiff, who proceeds pro se and is not a licensed attorney. However, "although plaintiff is proceeding pro se in this action, the latitude afforded to unrepresented parties does not 'excuse frivolous or vexatious filings by pro se litigants.'" *Almazon v. JPMorgan Chase Bank*, No. 24-CV-05415 (VEC) (BCM), 2025 WL 736565, at *17 (S.D.N.Y. Jan. 31, 2025), *report and recommendation adopted,* 2025 WL 720545 (S.D.N.Y. Mar. 6, 2025) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

Next, the fourth factor, which considers whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts, weighs towards sanction. Plaintiffs' multiple lawsuits, including four in this District and two in New York state courts, have posed unnecessary burden on the courts, especially in light of the duplicative nature of Plaintiff's lawsuits. Additionally, Plaintiff has caused needless expense to Defendants Discover and K&P, who have had to defend against Plaintiff's claims in now four lawsuits, including the present action. *Id.* Therefore, the fourth *Safir* factor also weighs in favor of an injunction.

Finally, the fifth factor, which is whether other sanctions would be adequate to protect the courts and other parties, weighs in favor of a limited pre-litigation injunction. Here, a tailored and narrow pre-litigation injunction is a "less drastic remedy" than complete foreclosure from initiating certain kinds of cases or obtaining *in forma pauperis* status. *In re Martin-Trigona*, 9

26

F.3d 226, 229 (2d Cir. 1993). Considering all the *Safir* factors, the Court finds that a limited bar on Plaintiff's ability to file future litigation is warranted.

> The Court now considers what kind of pre-litigation injunction is appropriate here:

> The Second Circuit has cited with approval injunctions that prohibited the filing of any matters in a designated category; that prohibited the filing of an action against designated parties in demonstrated need of protection; that required leave of court for future filings; and that required the vexatious litigant to post a bond prior to any future filing.

*Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 517 (S.D.N.Y. 2023).

The Court imposes an injunction against Plaintiff with some of these features. Prior to initiating a suit against any of the Defendants Discover, K&P, and Starkman, Plaintiff must seek leave of the court to file, which requires "fil[ing] an affidavit with the [c]ourt explaining how his proposed claims against the protected [Defendants] are distinct from those raised in earlier dismissed lawsuits and why they are non-frivolous." *Id.* The Court limits this injunction to the United States Court for the Southern District of New York, because there is no showing that nationwide relief is necessary and proper here, *see id.* at 517–21, and New York state courts. *Li v. Alibaba Grp. Holding, Ltd.*, No. 21-2525-CV, 2023 WL 2053072, at *3 (2d Cir. Feb. 17, 2023) (finding that a district court did not exceed "its authority in extending the injunction to cover state court suits because [the Second Circuit understood] the pre-litigation injunction to apply to state court suits only when such suits are brought against parties whom [the plaintiff] has previously encountered in litigation on this subject-matter in federal court"). Therefore, the Court grants injunctive relief requiring Plaintiff to seek leave of the court before filing any future lawsuits arising from Discover's Debt Collection Action, in this District or in New York state courts against Discover, K&P, or Starkman.

**CONCLUSION**

Therefore, the Court dismisses the entirety of Plaintiff's Amended Complaint with prejudice. Prior to any future filings in the United States District Court for the Southern District of New York or New York state courts against any of the Defendants in this action, the Court orders Plaintiff to seek leave of that court to initiate the lawsuit. When seeking leave, Plaintiff must file: (1) an affidavit explaining how his proposed claims against the protected Defendants are distinct from those raised in earlier dismissed lawsuits and why they are non-frivolous; and (2) a copy of this order.

The Clerk of Court is directed to terminate ECF No. 14 and to close this case.

Dated:  March 23, 2026
    White Plains, New York

SO ORDERED.

_Jessica Clarke_

JESSICA G. L. CLARKE
United States District Judge